UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER JAMES DEVINE,<br><br>Plaintiff,<br><br>-vs-<br><br>BANG & OLUFSEN A/S, BANG & OLUFSEN AMERICA, INC.,<br><br>Defendants. | **COMPLAINT**<br><br>Case No.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Christopher James Devine ("**Mr. Devine**" or "**Plaintiff**") brings this complaint (the "**Complaint**") against Defendants Bang & Olufsen A/S and Bang & Olufsen America, Inc. (collectively "**Defendants**") for injunctive relief and monetary damages as well as such other relief as specified herein for copyright infringement.

**INTRODUCTION**

1.      Mr. Devine is the author and owner of the literary work titled "A Brief History of Bang & Olufsen" (the "**Brief History**") attached hereto as **Exhibit A**. Mr. Devine is also the owner of U.S. Copyright Registration No. TXu 2-517-060 for the Brief History, a copy of the registration certificate for which is attached hereto as **Exhibit B**.

2.      Mr. Devine is the author and owner of the literary work titled the "Training Guidebook" (the "**Training Guidebook**") attached hereto as **Exhibit C**. Mr. Devine is also the owner of U.S. Copyright Registration No. TXu 2-528-144 for the Training Guidebook, a copy of the registration certificate for which is attached hereto as **Exhibit D**. The Brief History and Training Guidebook are collectively referred to herein as the "Works."

3.      In complete disregard for Plaintiff's rights, and without Plaintiff's permission, Defendants have engaged, and continue to knowingly engage, in the reproduction, distribution,

1

and display of the Brief History and the selection, coordination and arrangement of the same that are substantially similar, and contain identical elements to the Brief History. Examples of such infringing use are shown in **Exhibit E** hereto.

4. In complete disregard for Plaintiff's rights, and without Plaintiff's permission, Defendants have engaged, and continue to knowingly engage, in the reproduction, distribution, and display of the Training Guidebook and the selection, coordination and arrangement of the same that are substantially similar, and contain identical elements to the Training Guidebook. Examples of such infringing use are shown in **Exhibit F** hereto. The activities described in Paragraphs 3 and 4 are collectively referred to herein as the "Infringing Use."

5. Defendants infringed upon Plaintiff's rights in the Works for the purpose of using the Works in the advertising of their products and/or services and the sale of the same.

6. Upon information and belief, the Defendants have engaged, and continue to engage, in Infringing Use, including but not limited to the reproduction, distribution, display and/or sale of products and services in connection with the Brief History and/or substantially similar variations of the Brief History throughout the United States, including in this State and judicial district.

7. Upon information and belief, the Defendants engaged, and continue to engage, in Infringing Use, including but not limited to the reproduction, distribution, display and/or sale of products and services in connection with the Training Guidebook and/or substantially similar variations of the Training Guidebook throughout the United States, including in this State and judicial district.

## PARTIES

8. Plaintiff Christopher James Devine is a United States citizen residing in and domiciled in Beacon, New York 12508.

2

9.      On information and belief, Bang & Olufsen A/S is a Denmark Corporation with an address of Peter Bangs Vej 15, Struer, Denmark 7600.

10.      On information and belief, Bang & Olufsen America, Inc. is a Delaware corporation with an address of 79 Walker Street, New York, NY 10013. On information and belief, Bang & Olufsen America, Inc. is registered to conduct business in the State of New York.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights) because these claims arise under the Copyright Act, 17 U.S.C. § 501(a).

12.      This Court has personal jurisdiction over Defendants because Defendants have regularly transacted, and continue to transact, business in this State; contract to supply goods and/or services in this State; are causing injury by acts in this State; reproduce, distribute, display and/or sell products and services in connection with Plaintiff's registered works and/or substantially similar variations of Plaintiff's registered works in this State; engage in the Infringing Use in this State; and engage in other persistent courses of conduct and/or derive substantial revenue from goods used or consumed, or services rendered, in this State.

13.      Defendants have sufficient minimum contacts with this State, through at least the Infringing Use, including but not limited to the reproduction, distribution, display and/or sale of products and services in connection with the Works and/or substantially similar variations of the Works within this State, such that this Court has personal jurisdiction over Defendants.

14.      On information and belief, Defendant Bang & Olufsen America, Inc. is registered to conduct business in the State of New York, such that this Court has personal jurisdiction over this Defendant and venue is proper.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district, certain claims complained of herein arise out of or relate to contracts that oblige these parties to litigate disputes thereunder in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1400 because Plaintiff's claims arise under federal copyright laws. Venue is also proper as to Bang & Olufsen A/S under 28 U.S.C. § 1391 because the entity is a foreign corporation.

## **FACTUAL BACKGROUND**

16.     Plaintiff is the author and owner of the Brief History attached hereto as **Exhibit A**, and the corresponding U.S. Copyright Registration No. TXu 2-517-060 for the Brief History, attached hereto as **Exhibit B**.

17.     Plaintiff is the author and owner of the Training Guidebook attached hereto as **Exhibit C**, and the corresponding U.S. Copyright Registration No. TXu 2-528-144 for the Training Guidebook, attached hereto as **Exhibit D**.

18.     Plaintiff is the sole true author and owner of both Works.

19.     Defendants continue to engage in the Infringing Use throughout the United States including this jurisdiction.

## **COUNT I**
**Copyright Infringement under the Copyright Act**
**(17 U.S.C. § 501(a))**

20.     Plaintiff re-alleges the allegations contained in Paragraphs 1 through 19, as though fully set forth herein.

21.     Plaintiff is the owner of the copyright to the Works, including the Brief History set forth in **Exhibit A** hereto and the corresponding copyright registration for the same set forth in **Exhibit B.**

22.     Plaintiff is the owner of the copyright to the Works, including the Training Guidebook set forth in **Exhibit C** hereto and the corresponding copyright registration for the same set forth in **Exhibit D.**

23.     Upon information and belief, Defendants have actual notice of the Plaintiff's rights in and to the Brief History.

24.     Upon information and belief, Defendants have actual notice of the Plaintiff's rights in and to the Training Guidebook.

25.     Defendants, without Plaintiff's permission, have knowingly and intentionally reproduced, copied, displayed, advertised, distributed, offered to sell and/or sold the Brief History and/or works substantially similar thereto that embody the Brief History or portions thereof, or are at least substantially similar to the Brief History.

26.     Defendants, without Plaintiff's permission, have knowingly and intentionally reproduced, copied, displayed, advertised, distributed, offered to sell and/or sold the Training Guidebook and/or works substantially similar thereto that embody the Training Guidebook or portions thereof, or are at least substantially similar to the Training Guidebook.

27.     Defendants' unlawful and willful actions constitute infringement of one or more of Plaintiff's rights in the Brief History pursuant to the U.S. Copyright Act, including but not limited to the rights provided to Plaintiff pursuant to 17 U.S.C. § 106, in violation of 17 U.S.C. § 501(a).

28.     Defendants' unlawful and willful actions constitute infringement of one or more of Plaintiff's rights in the Training Guidebook pursuant to the U.S. Copyright Act, including but not

5

limited to the rights provided to Plaintiff pursuant to 17 U.S.C. § 106, in violation of 17 U.S.C. § 501(a).

29.    Defendants' infringement of Plaintiff's rights in and to the Brief History has caused substantial and irreparable harm to Plaintiff and unless enjoined, Defendants will continue to cause substantial and irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

30.    Defendants' infringement of Plaintiff's rights in and to the Training Guidebook has caused substantial and irreparable harm to Plaintiff and unless enjoined, Defendants will continue to cause substantial and irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

31.    Plaintiff is therefore entitled to injunctive relief under 17 U.S.C. § 502, the Plaintiff's actual damages, and Defendants' profits in an amount to be proven at trial, as well as enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per infringement under 17 U.S.C. § 504, and reasonable attorneys' fees and costs under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order and enter judgment in Plaintiff's favor as follows:

   i.    Enter judgment against Defendants that they have willfully infringed Plaintiff's copyrights.

   ii.   Immediately, preliminarily, and permanently enjoin Defendants, and all persons acting in concert with them, including without limitation their officers, directors, employees, contractors, and all affiliates and any and all current or potential business partners, and all persons purporting to act on

6

their behalf or in active concert or in participation with them, from using the Brief History or any substantially similar variation thereof, including without limitation that embodied by the Infringing Use defined herein, in connection with any of the enumerated list of exclusive rights conferred to Plaintiff under the U.S. Copyright Act including those pursuant to 17 U.S.C. § 106.

iii. Immediately, preliminarily, and permanently enjoin Defendants, and all persons acting in concert with them, including without limitation their officers, directors, employees, contractors, and all affiliates and any and all current or potential business partners, and all persons purporting to act on their behalf or in active concert or in participation with them, from using the Training Guidebook or any substantially similar variation thereof, including without limitation that embodied by the Infringing Use defined herein, in connection with any of the enumerated list of exclusive rights conferred to Plaintiff under the U.S. Copyright Act including those pursuant to 17 U.S.C. § 106.

iv. Order Defendants to immediately collect and provide to the Plaintiff, at Defendants' sole and exclusive expense, any and all inventory and versions of the Brief History, or any substantially similar works, in their possession, custody or control, including without limitation as shown in the Infringing Use shown in **Exhibit E** hereto.

v. Order Defendants to immediately collect and provide to the Plaintiff, at Defendants' sole and exclusive expense, any and all inventory and versions

of the Training Guidebook, or any substantially similar works, in their possession, custody or control, including without limitation as shown in the Infringing Use shown in **Exhibit F** hereto.

vi.    Order Defendants to immediately prepare and provide to Plaintiff, at Defendants' sole and exclusive expense, a report and accounting of all uses, distributions, and revenue realized, or that Defendants expect to realize, related to or derived from all Infringing Uses.

vii.    Enter judgment in favor of Plaintiff on each and every count asserted herein and award Plaintiff all monetary damages caused by the acts forming the basis of this Complaint, including, without limitation, Plaintiff's actual damages, Defendants' profits and other damages as alleged herein.

viii.    In the alternative, if elected by Plaintiff within the applicable time period, to the extent applicable, award statutory damages to Plaintiff pursuant to 17 U.S.C. § 504(c) due to Defendants' willful, knowing, and intentional infringement of the Brief History and/or works substantially similar thereto that embody the Brief History or portions thereof, or are at least substantially similar to the Brief History.

ix.    In the alternative, if elected by Plaintiff within the applicable time period, to the extent applicable, award statutory damages to Plaintiff pursuant to 17 U.S.C. § 504(c) due to Defendants' willful, knowing, and intentional infringement of the Training Guidebook and/or works substantially similar thereto that embody the Training Guidebook or portions thereof, or are at least substantially similar to the Training Guidebook.

8

x.     That Plaintiff be awarded exemplary and punitive damages sufficient to punish Defendants for their malicious and intentional infringement and to deter similar misconduct by Defendants and others in an amount to be proven at trial.

xi.    Order Defendants to pay Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees and expenses pursuant to 17 U.S.C. § 505, and any other applicable statutes or authority.

xii.   Award Plaintiff such further relief as the Court deems just.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: March 18, 2026

**NIXON PEABODY LLP**

By: _____

Paul F. Downs
NY Bar No. 5293956
Nixon Peabody LLP
55 West 46th Street
New York, NY 10036-4120
pdowns@nixonpeabody.com
Ph: (212) 940-3029

9